UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV23-01603 JAK (AGRx) | Date | November 21, 2023 |
| Title | Chaim S. Setareh v. United Airlines, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR REMAND (DKT. 12)   JS-6**

## I. Introduction

On January 23, 2023, Chaim S. Setareh ("Plaintiff") filed this action against United Airlines, Inc. ("Defendant") and Does 1 through 50 in the Los Angeles Superior Court. Dkt. 1-1 (the "Complaint"). The Complaint advances the following causes of action: (1) breach of contract; (2) promissory fraud; (3) breach of implied covenant of good faith and fair dealing; (4) negligence; (5) negligent infliction of emotional distress; and (6) intentional infliction of emotional distress. *Id.*

On March 3, 2023, Defendant removed this action on the basis of diversity jurisdiction. Dkt. 1 (the "Notice of Removal").[1] On March 15, 2023, Plaintiff filed a Motion for Remand. Dkt. 12 (the "Motion").[2] On March 29, 2023, Defendant filed an opposition. Dkt. 14 (the "Opposition"). On April 5, 2023, Plaintiff filed a reply. Dkt. 15 (the "Reply").

In accordance with Local Rule 7-15, a determination was made that the Motion could be decided without oral argument, and it was taken under submission. Dkt. 17. For the reasons stated in this Order, the Motion is **GRANTED-IN-PART** and **DENIED-IN-PART.** The Motion is **GRANTED** as to remand, and **DENIED** as to the request for an award of attorney's fees.

## II. Factual Background

### A. Parties

Plaintiff is a resident of the state of California. Dkt. 1-1 ¶ 3. Defendant is a Delaware corporation whose principal place of business is in Chicago, Illinois. *Id.* ¶ 4.

---

[1] The Summons and Complaint were served on Defendant on February 1, 2023. Dkt. 12-1 ("Gibb Decl.") ¶ 3. Therefore, removal was timely.

[2] Before this Motion was filed, Defendant filed a Motion to Dismiss set for hearing on April 24, 2023. Dkt. 10 (the "MTD"). Pursuant to a stipulation between the parties (Dkt. 11), the hearing on the MTD was continued to June 5, 2023 (Dkt. 13), and was subsequently taken off calendar. Dkt. 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-01603 JAK (AGRx) | Date | October 24, 2023 |
| Title | Chaim S. Setareh v. United Airlines, Inc., et al. | | |

      B.      Allegations in the Complaint

It is alleged that, on an unspecified date, Plaintiff purchased five tickets for himself, his wife and his three children for a December 26, 2022 United Airlines flight from Los Angeles, California, to Denver, Colorado, and a December 31, 2022 United Airlines flight from Aspen, Colorado to Los Angeles, California. *Id.* ¶ 7, 8. At or around the same time, Plaintiff allegedly reserved two connected hotel rooms from December 26, 2022 to December 31, 2022, at the St. Regis of Aspen Resort by Marriott (the "Resort"), which is a luxury hotel there. *Id.* ¶ 8.

It is alleged that, approximately three hours before its scheduled time for departure, Plaintiff's United Airlines flight from Los Angeles to Denver was cancelled. *Id.* ¶ 9. It is alleged that no other flights were available during the next two days. *Id.* Upon learning of the cancelled flight, Plaintiff allegedly contacted the Resort and attempted to cancel his reservation. *Id.* ¶ 10. It is alleged that the Resort representative denied the request and informed Plaintiff that he would incur a "no-show" penalty of $7000 for each night Plaintiff did not stay at the Resort. *Id.* It is alleged that Plaintiff and his family then drove 16 hours from Los Angeles to Aspen and stayed at the Resort until December 31, 2022. *Id.* ¶ 11.

It is alleged that, on December 31, 2022, Plaintiff learned that the return flight to Los Angeles was cancelled, despite dozens of previous and subsequent United Airlines flights taking off from Aspen without issue that day. *Id.* ¶ 12. It is alleged that Plaintiff requested that Defendant pay for a hotel room for that night. *Id.* ¶ 13. It is alleged that Defendant refused on the basis that poor weather conditions were out of its control and, therefore, not a cause for such a payment. *Id.* It is alleged that Plaintiff and his family took a four-hour shuttle to Denver to board a flight from Denver to Los Angeles, with a stop in Las Vegas. *Id.* ¶ 15.

**III.**    <u>Analysis</u>

      A.      Legal Standards

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. *See* 28 U.S.C. § 1441(a). Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party has the burden to establish that it was proper to do so. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

When a matter is removed based on a claim of diversity jurisdiction, the removing party has the burden

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-01603 JAK (AGRx) | Date | October 24, 2023 |
| Title | Chaim S. Setareh v. United Airlines, Inc., et al. | | |

of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.' " *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). Where it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez*, 888 F.3d at 416 (internal quotation marks and citations omitted).

  B.  Application

It is undisputed that the parties are of diverse citizenship and that removal was timely. Plaintiff argues that Defendant has not met its burden of proving that the amount-in-controversy exceeds $75,000. Plaintiff further contends that removal was objectively unreasonable and, therefore, Plaintiff should be awarded attorney's fees incurred in connection with this Motion. Defendant argues that the Motion should be denied as to both remand and the request for attorney's fees, or, in the alternative, the Motion should be deferred pending jurisdictional discovery.

  1.  <u>Amount-in-Controversy</u>

    a)  Legal Standards

The removing party is required to state "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing § 1446(a)). Because Plaintiff contests that the amount in controversy was at least $75,000 at the time of removal, Defendant bears the burden of proving that amount by a preponderance of the evidence. *Dart Cherokee*, 574 U.S. at 88 (citing 28 U.S.C. 1446(c)(2)(B)); *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "To do so, the defendant can rely on the face of the plaintiff's complaint or submit summary-judgment-type evidence." *Laub v. Kao USA, Inc.*, No. CV 20-1383-DMG (Ex), 2020 WL 4980061, at *1 (C.D. Cal. May 1, 2020) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)); *see also Lara v. Lazer Spot, Inc.*, No. 5:19-cv-00463-VAP-SPx, 2019 WL 2023728, at *1 (C.D. Cal. May 7, 2019) ("In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also summary-judgment-type evidence relevant to the amount in controversy at the time of removal." (internal quotation marks and citation omitted)); *Velez-Guerra v. Crescent Hotels & Resorts, LLC*, No. CV 20-6861-DMG (PJWx), 2020 WL 7311349, at *1 (C.D. Cal. Dec. 11, 2020) (a defendant may rely on a complaint's allegations).

    b)  Application

Plaintiff seeks the following relief in the Complaint:

  1.  General and special damages according to proof;
  2.  Pre-judgment and post-judgment interest, according to proof;
  3.  Punitive and exemplary damages, according to proof;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-01603 JAK (AGRx) | Date | October 24, 2023 |
| Title | Chaim S. Setareh v. United Airlines, Inc., et al. | | |

      4.      Attorney's fees, according to proof;
      5.      Costs of suit; and
      6.      Such other relief as the Court may deem just and proper.

Dkt. 1-1 at 9.

The Notice of Removal alleges that the amount in controversy exceeds $75,000 because Plaintiff seeks general and specific damages, attorney's fees and punitive damages. Dkt. 1 ¶ 5. The Notice of Removal does not provide any factual basis for this contention. In its Opposition to the Motion, Defendant contends that the amount in controversy exceeds $75,000 because the following amounts could be recoverable:

    $35,000 in connection with the Resort no-show penalties;
    $5,000 for the five round trip tickets;
    $7,000 for accommodations;
    $10,000 in punitive damages;
    $10,000 in emotional distress damages; and
    $10,000 in attorney's fees
    _____
    = $77,000

*See* Dkt. 14 at 3-4. Defendant notes that Plaintiff has refused to stipulate that the amount in controversy does not exceed $75,000, and that Plaintiff recently communicated a settlement demand slightly less than $75,000. *Id.* at 3.

These arguments are considered in this sequence.

                i.      Specific Damages

Defendant contends that "Plaintiff claims penalties of $35,000, 5 ticket fees estimated at over $5,000, and accommodations estimated at $7,000 for a total of at least $47,000." Dkt. 14 at 3. Defendant does not proffer any legal or factual basis for its estimate of the cost for accommodations or the tickets. Defendant's contention that that amount in controversy includes $35,000 in penalties is inconsistent with the allegations in the Complaint. The Complaint alleges that Plaintiff and his family drove to the Resort after the December 26, 2022 flight was cancelled in order to avoid paying $35,000 in cancellation fees. Therefore, Plaintiff did not incur a $35,000 penalty, and does not seek to recover any penalty. Dkt. 1-1 ¶ 11; Dkt. 15 at 2.[3] Defendant does not proffer any evidence to contradict the allegations in the Complaint.

Defendant has failed to prove by a preponderance of the evidence that Plaintiff seeks to recover $47,000 in specific damages. Therefore, this amount cannot be included in calculating the amount in controversy.

---

[3] It is unclear what day Plaintiff arrived at the Resort, in light of the 16-hour drive from Los Angeles to Aspen. However, even if Plaintiff incurred a $7,000 penalty for one night, the amount in controversy still would not exceed $75,000. Further, Plaintiff's Reply clarifies that he does not seek to recover any such penalties. *See* Dkt. 15 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-01603 JAK (AGRx) | Date | October 24, 2023 |
| Title | Chaim S. Setareh v. United Airlines, Inc., et al. | | |

ii. Punitive and Emotional Distress Damages

The Complaint seeks an award of punitive and exemplary damages, according to proof. Dkt. 1-1 at 9. Potential awards as to these claims may be considered in calculating the amount in controversy as of the time of removal. To establish probable emotional distress and punitive damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (noting "district court properly considered . . . emotional distress damage awards in similar age discrimination cases"). Such cases are probative if they are "factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank*, N.A., 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

Defendant contends that it is more likely than not that Plaintiff's claimed damages for emotional distress and punitive damages each exceeds $10,000. Dkt. 14 at 4. Defendant does not proffer any factual or legal basis for this conclusory assertion. Defendant does not cite any jury verdicts or other evidence. Therefore, these amounts are not included in the amount in controversy because Defendant has not met its burden of proof.

iii. Attorney's Fees

Defendant contends that Plaintiff will incur at least $10,000 in attorney's fees. Defendant notes that Plaintiff seeks to recover $5000 in such fees just for filing the Motion for Remand. Dkt. 14 at 3–4.

In calculating the amount in controversy, a reasonable amount of a potential award of attorney's fees to a plaintiff may be considered, if such an award is permitted under the statutory or common law basis for the underlying claims. *Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 795 (9th Cir. 2018). This includes future attorney's fees that may be incurred after the time of removal. *Id.* "The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (internal marks and citation omitted).

The amount of attorney's fees sought and the legal basis for awarding them are not ascertainable from the face of the Complaint. Defendant does not cite any statute or agreement containing a fee-shifting provision, or to any common law principle that would support an award of attorney's fees in this action. Therefore, Defendant has not shown by a preponderance of the evidence that Plaintiff might be entitled to an award of attorney's fees. Even assuming Plaintiff is entitled to such an award attorney's fees, Defendant has not proffered evidence of analogous cases to show that an award of $10,000 would be reasonable.

For the foregoing reasons, Defendant has not shown that Plaintiff may be entitled to an award of attorney's fees or that a $10,000 award is reasonable. Therefore, the potential award of attorney's fees is not considered in calculating the amount in controversy.

iv. Settlement Demand and Refusal to Stipulate

Defendant contends that Plaintiff's March 7, 2023 settlement demand of "only slightly less than $75,000" and Plaintiff's refusal to stipulate that his damages were less than $75,000 support its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-01603 JAK (AGRx) | Date | October 24, 2023 |
| Title | Chaim S. Setareh v. United Airlines, Inc., et al. | | |

position. Dkt. 14 at 3 (citing 12-1 at 24). Defendant does not cite to any case in which evidence of a settlement demand under $75,000, and a Plaintiff's refusal to stipulate to an amount in controversy less than $75,000 is sufficient to prove the amount in controversy exceeds that amount.

"[D]istrict courts throughout the Ninth Circuit have held that the amount in controversy cannot be established by a plaintiff's refusal to stipulate to less than the jurisdictional threshold. *Sullivan v. Amazon.com, Inc.*, No. 821CV01941FWSADS, 2022 WL 2315201, at *2 n.1 (C.D. Cal. June 28, 2022) (first citing *Rindels v. Tyco Integrated Sec., LLC*, No. CV 14-6536, 2015 WL 469013, at *4 (C.D. Cal. Feb 4, 2015); then citing *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616, 2010 WL 2793650, at *4 (E.D. Cal. July 14, 2010)). Therefore, Defendant's contention that Plaintiff's refusal to stipulate to an amount in controversy below the jurisdictional threshold is relevant to calculating the amount in controversy is without merit.

A settlement demand is only relevant evidence of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). A plaintiff's damages estimate in a settlement demand will not establish the amount in controversy when the estimate seems to be only a "bold and optimistic prediction." *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. July 31, 2000). Here, Defendant provides no information about how Plaintiff calculated the settlement demand, and has not presented evidence that a settlement demand of more than $75,000 would be reasonable. Even if Defendant had shown that the settlement demand represented a reasonable estimate, it still would not support Defendant's contention that the amount in controversy exceeds $75,000. Additionally, this action had already been removed at the time of the settlement demand. Therefore, the Defendant could not have relied on that demand as a basis for removal.

\* \* \*

For the foregoing reasons, Defendant has not met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, the Motion is **GRANTED** as to the remand of this action.

2. <u>Defendant's Request for Jurisdictional Discovery</u>

Defendant requests that, if the Court is inclined to grant the Motion, the Court defer a ruling on the Motion so that Defendant can complete limited, jurisdictional discovery. Dkt. 14 at 4. Defendant cites to the general proposition that district courts are authorized to allow jurisdictional discovery relevant to the jurisdictional amount prior to making a decision on whether to remand. *Id.* at 4–5 (first citing *Abrego Abrego v. Dow Chem. Co.* 443 F3d 676, 691 (9th Cir. 2006); then citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001) (citation omitted)). Defendant does not explain why jurisdictional discovery should be permitted in this case or provide any details on what discovery it would conduct.

"Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *see also Harris Rutsky v. & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) ("Further discovery on this issue might well demonstrate facts sufficient to constitute a basis for jurisdiction."). Where a defendant "fail[s] to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-01603 JAK (AGRx) | Date | October 24, 2023 |
| Title | Chaim S. Setareh v. United Airlines, Inc., et al. | | |

. . it is well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal." *Abrego*, 443 F.3d at 691.

Defendant has not identified any factual disputes that discovery would resolve. Neither Plaintiff nor Defendant alleges that Plaintiff actually incurred $35,000 in cancellation fees. Thus, even taking as true Defendant's conclusory allegations as to the costs of accommodations, the ticket prices, punitive damages, emotional distress damages and attorney's fees, the amount in controversy would still fall short of the jurisdictional threshold. Therefore, Defendant's request for jurisdictional discovery is **DENIED**.

      3.     Plaintiff's Request for Attorney's Fees

Plaintiff argues that he is entitled to an award of attorney's fees incurred in responding to Defendant's removal. Plaintiff appears to be represented by his own law firm. *See* https://setarehlaw.com/shaun-setareh/ (describing Shaun Setareh as the founder of Setareh Law Group; https://apps.calbar.ca.gov/attorney/Licensee/Detail/204514 (providing that Chaim Shaun Setareh may be contacted through the Setareh Law Group). The parties have not raised or briefed the issue of whether Plaintiff is self-represented and, if so, whether an award of fees under 28 U.S.C. § 1447(c) would be available.

In *Kay v. Ehrler*, 499 U.S. 432 (1991), the Supreme Court declined to award fees under 42 U.S.C. § 1988 to a self-represented attorney because the "statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case". *Id.* at 438. The Court further reasoned that "the word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988." *Id.* at 435–36 (footnote omitted). Despite the statute-specific analysis in *Kay*, the Ninth Circuit has held that "*Kay* imposes a general rule that pro se litigants, attorneys or not, cannot recover statutory attorneys' fees." *Elwood v. Drescher*, 456 F.3d 943, 947 (9th Cir. 2006), *abrogated on other grounds by Citizens for Free Speech, LLC v. Cnty. of Alameda*, 953 F.3d 655 (9th Cir. 2020).

Several out-of-circuit decisions have declined to award fees under § 1447(c) to self-represented litigants, including attorneys. *See Apton v. Volkswagen Grp. of Am., Inc.*, 233 F. Supp. 3d 4, 19 (D.D.C. Jan. 17, 2017) (declining to award fees under 1447(c) because "it is well established that pro se litigant lawyers cannot recover fees for actions that they have brought on their own behalf"); *Barash v. Ford Motor Credit Corp.*, No. 06CV6497(JFB)(ARL), 2007 WL 1791656, at *8 n.14 (E.D.N.Y. June 20, 2007) ("Moreover, fees [under § 1447(c)] are not available where, as here, the party seeking attorney's fees is proceeding pro se."); *Ezra v. BWIA Int'l Airways, Ltd.*, 2000 WL 1364354, *1 (E.D.N.Y. Sept. 8, 2000) ("I doubt that a *pro se* plaintiff (even if he is an experienced attorney) may recover attorney's fees under 28 U.S.C. § 1447(c)."); *Walls v. Recontrust Co.*, No. 2:10-CV-00291-GMN, 2011 WL 1527069, at *4 (D. Nev. Apr. 20, 2011) (28 U.S.C. § 1447(c) does not "allow for self-represented plaintiffs to recover expenses that essentially amount to attorney's fees"); *Tempelman v. Colsia*, No. CIV. 02-386-JD, 2002 WL 31236395, *3 (D.N.H. Sept. 26, 2002) (denying request for fees and costs pursuant to § 1447(c) because "[o]rdinarily, pro se litigants cannot recover attorneys' fees because they have not paid for the services of an attorney").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-01603 JAK (AGRx) | Date | October 24, 2023 |
| Title | Chaim S. Setareh v. United Airlines, Inc., et al. | | |

No court appears to have addressed whether an attorney may recover fees incurred in connection with a motion for remand filed by his own law firm, where he has not entered an appearance in the case and does not seek an award of fees for any hours he may have billed. However, because Plaintiff is the sole founder and named partner of Setareh Law Group, it is determined that Plaintiff qualifies as a self-represented litigant.[4]  Therefore, an award of attorney's fees is not available to Plaintiff.

### IV.    Conclusion

For the reasons stated in this Order, the Motion is **GRANTED** as to remand and **DENIED** as to the request for attorney's fees. This action is hereby **REMANDED** to the Los Angeles Superior Court at its Santa Monica Courthouse, Case No. 23SMCV00306.

_____    :    _____

Initials of Preparer     tj

---

[4] Plaintiff seeks an award of fees for hours billed solely by junior attorneys at his law firm. Gibb Decl. ¶¶ 10–11. It can reasonably be inferred that Plaintiff played some role in connection with overseeing their work on this Motion.